

1  BARRY E. HINKLE, Bar No. 071223
   KRISTINA L. HILLMAN, Bar No. 208599
2  KRISTINA M. ZINNEN, Bar No. 245346
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone (510) 337-1001
5  Facsimile (510) 337-1023

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10
    THE BOARD OF TRUSTEES OF THE              ) No.
11  CARPENTERS HEALTH AND WELFARE            ) CV  0 8    1 1 3 7
    TRUST FUND FOR CALIFORNIA;                )
12  CARPENTERS VACATION-HOLIDAY              )
    TRUST FUND FOR NORTHERN                   )  **MEMORANDUM OF POINTS AND**
13  CALIFORNIA; CARPENTERS PENSION           )  **AUTHORITIES IN SUPPORT OF**
    TRUST FUND FOR NORTHERN                   )  **PETITION TO CONFIRM**
14  CALIFORNIA; CARPENTERS ANNUITY           )  **ARBITRATION AWARD**
    TRUST FUND FOR NORTHERN                   )
15  CALIFORNIA; and CARPENTERS TRAINING)
    TRUST FUND FOR NORTHERN                   )
16  CALIFORNIA; CARPENTERS 46                )
    NORTHERN CALIFORNIA COUNTIES             )
17  CONFERENCE BOARD for itself and on behalf)
    of the NORTHERN CALIFORNIA                )
18  CARPENTERS REGIONAL COUNCIL              )
                                              )
19              Plaintiffs,                    )
                                              )
20        v.                                   )
                                              )
21  ACOUSTICTEC, A California Corporation,    )
                                              )
22              Defendant.                     )
                                              )
23
           This Memorandum is filed in support of Plaintiffs' Petition to Confirm Arbitration Award.
24
    This action involves a dispute which arose under a written collective bargaining agreement (herein
25
    after referred to as "CBA" or "Agreement"). The CBA sets forth a method for resolving disputes
26
    over the interpretation and/or application of the Agreement. Under the term of the CBA, said
27
    disputes are submitted to an impartial Board of Adjustment or an Arbitrator and the decisions of
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM
ARBITRATION AWARD**

1 the Board of Adjustment or the Arbitrator are final and binding upon the parties. By way of the

2 present Petition, Plaintiffs seek to compel the Defendant to comply with the Decision and Award

3 of Arbitrator Gerald R. McKay dated April 11, 2007 (hereinafter the "Award"), issued pursuant to

4 the terms of the CBA. Furthermore, Plaintiffs seek an Order of this Court confirming said Award,

5 and making it a judgment of this Court.

## I. THE PARTIES AGREED THAT THE QUESTION WOULD BE RESOLVED BY AN ARBITRATOR

8      By virtue of the terms and conditions of the CBA, the parties agreed that an arbitrator's

9 decision would be final and binding on all parties. Under such circumstances, and having

10 voluntarily submitted the dispute to arbitration by naming an arbitrator, the employer cannot now

11 contest the decision of Arbitrator Gerald R. McKay. In Ficek v. Southern Pacific Co., 338 F.2d

12 655 (9th Cir. 1964) cert. denied, 380 U.S. 988 (1965), the Ninth Circuit stated:

> A claimant may not voluntarily submit his claim to arbitration, await the
> outcome, and, if the decision is unfavorable, then challenge the authority of
> the arbitrator's act.

15 Ficek, 338 F.2d at 657.

16      Having agreed to submit this dispute to arbitration, the employer cannot now argue that it

17 was not arbitrable. See also International Brotherhood of Teamsters v. Washington Employers,

18 Inc., 557 F.2d 1345, 1349-50 (9th Cir. 1977); International Association of Machinists and

19 Aerospace Workers, Dist. 776 v. Texas Steel Co., 538 F.2d 1116, 1120 (5th Cir. 1976).

## II. THE ARBITRATOR'S DECISION MEETS THE APPLICABLE TESTS FOR VALIDITY

22      The Ninth Circuit has defined the district courts' power with respect to the review of

23 arbitration awards as follows:

> Judicial Review of arbitration awards is limited. An award is legitimate so
> long as it "draws its essence" from the collective bargaining agreement and
> does not "manifest an infidelity" to the agreement. United Steelworkers of
> America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597-99, 80 S.Ct.
> 1358, 4 L.Ed.2d 1424 (1960). "[I]f, on its face, the award represents a
> plausible interpretation of the contract in the context of the parties' conduct,
> judicial inquiry ceases and the award must be affirmed." Holly Sugar
> Corporation v. Distillery Union, 412 F.2d 899, 903 (9th Cir. 1969).

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD**

1  Riverboat Casino, Inc. v. Local Joint Executive Board of Las Vegas, 578 F 2d 250, 251 (9th Cir.
2  1978).

3      In this case, this Court could overturn the award in question only if it found the reasoning
4  "so palpably faulty no judge, or group of judges could ever conceivably have made such a ruling."
5  Safeway Stores v. Bakery Workers Local 111, 390 F.2d 79, 82 (5th Cir. 1968). The award herein
6  clearly meets the test of being a viable, valid award. The Court is "not empowered to review the
7  merits of an arbitration award which draws its essence from a collective bargaining agreement."
8  Painters Local Union No 171 v. Williams & Kelly, Inc., 605 F.2d 535, 538 (10th Cir. 1979).

9      The United States Supreme Court has clearly spoken on the role of the courts in enforcing
10  awards of arbitrators involving the interpretation of collective bargaining agreements in
11  relationships between labor and management. The Court sustains the notion that voluntary
12  arbitration agreements should not be lightly treated by the courts or other institutions dealing with
13  labor-management relations and such awards be given the highest weight. Thus, the Court stated
14  in United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960):

15      When an arbitrator is commissioned to interpret and apply the collective
    bargaining agreement, he is to bring his informed judgment to bear in order
16      to reach a fair solution of the problem. This is especially true when it comes
    to formulating remedies. There the need is for flexibility in meeting a wide
17      variety of situations. The draftsman may never have thought of what
    specific remedy should be awarded to meet a particular contingency.
18      Nevertheless, an arbitrator is confined to interpretation and application of
    the collective bargaining agreement; he does not sit to dispense his own
19      brand of industrial justice. He may of course look for guidance from many
    sources, yet his award is legitimate only so long as it draws its essence from
20      the collective bargaining agreement. When the arbitrator's words manifest
    an infidelity to this obligation, courts have no choice but to refuse
21      enforcement of the award.

22      The tests set forth in Enterprise must be applied hereto and a judgment confirming the
23  award be granted. In Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3rd Cir. 1969),
24  the Third Circuit clearly stated that the award must be upheld "if the interpretation can in any
25  rational way be derived from the agreement, viewed in the light of its language, its context, and
26  any other indicia of the parties' intention...". See also United Steelworkers v. Warrior & Gulf, 363
27  U.S. 574, 582 (1960); Operating Engineers Local 150 v. Flair Builders, Inc., 406 U.S. 476 (1972);
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 3 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD**

1    Northern California District Council of Hod Carriers v. Pennsylvania Pipeline, Inc., 103 Cal. App.

2    3d 163, 170 (1980).

3    It has further been uniformly held that where the contract is not explicit concerning the

4    proper remedy, the arbitrator, or a Board of Adjustment, is given wide latitude in fashioning an

5    appropriate one. Mogge v. District 8, International Association of Machinists, 454 F.2d 510, 514

6    (7th Cir. 1971). The Ninth Circuit states the rule thus: "[I]f on its face, the award represents a

7    plausible interpretation of the contract in the context of the parties' conduct, judicial inquiry ceases

8    and the award must be affirmed." Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied

9    Workers International Union, 412 F.2d 899, 903 (9th Cir. 1969)

10   ## III.    PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES IN
         THESE PROCEEDINGS

11

12   Plaintiffs have been required to secure the services of counsel for the prosecution and

13   enforcement of the Award. Because Defendant's refusal to comply with the arbitration award is

14   unjustified and in bad faith, Plaintiffs seek attorneys' fees and costs incurred in obtaining

15   compliance with the award.

16   The Supreme Court has held that attorneys' fees can be awarded "when the losing party has

17   acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Service Co.

18   v. Wilderness Society, 421 U.S. 240, 258-59 (1975). In 1983, the Ninth Circuit Court of Appeals

19   applied that rule in a case where, as here, an employer refused to abide by the award of an

20   arbitrator. In International Union of Petroleum and Industrial Workers v. Western Industrial

21   Maintenance, Inc., 707 F.2d 425 (9th Cir. 1983), the court held that:

22   "[B]ad faith may be demonstrated by showing that a defendant's obstinacy
         in granting a plaintiff his clear legal rights necessitated resort to legal action
23       with all the expense and delay entailed in litigation." Huecker v. Milburn,
         538 F.2d 1241, 1245 n.9 (6th Cir. 1976) The award of attorneys' fees in the
24       latter context satisfies a dual purpose -- deterrence and compensation. The
         threat of an award of attorneys' fees tends to deter frivolous dilatory tactics.
25       The award also compensates a plaintiff "for the added expense of having to
         vindicate clearly established rights in court." Id.

26

27   Western Industrial, 707 F.2d at 428.

28   The Ninth Circuit has also held that "an unjustified refusal to abide by an arbitrator's award

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM
ARBITRATION AWARD

1  may equate [with] an act taken in bad faith, vexatiously or for oppressive reasons." Id. at 428. The

2  court ruled that the employer did not present justifiable grounds for the invalidity of the arbitration

3  award, rejecting the contention that one of the issues was not arbitrable.

4      Unjustified refusal to abide by an arbitrator's award can be, in and of itself, an act taken in

5  bad faith, vexatiously or for oppressive reasons. Sheetmetal Workers' Int'l Ass'n, Local Union

6  No. 359 v. Madison Industries, Inc. of Arizona, 84 F.3d 1186, 1191 (9th Cir. 1996) (noting that

7  employer failed to file a petition to vacate the award and requested a vacation only in response to

8  the Union's petition to confirm it).

9      Arbitration is a fundamental foundation for stable national labor relations policy, and

10  advances the effective resolution of disputes and the furthering of industrial stabilization.

11  Therefore, "the deterrence aspect of an award of attorneys' fees is particularly served where a party,

12  without justification, refuses to abide by an arbitration award." Western Industrial, 707 F.2d

13  at 428.

14      The District Court has the power to award attorneys' fees and expenses to the prevailing

15  party in a suit to enforce an arbitration award if the losing party acted in bad faith. There must be

16  an unjustified refusal to abide by the arbitrator's decision, and the objections to an award must be

17  frivolous. The failure of the party opposing a decision to take timely action to challenge it on valid

18  grounds, thus forcing the other party to undertake the time consuming and burdensome expense of

19  an enforcement action, are factors in determining bad faith. See, Courier-Citizen Co. v. Boston

20  Electrotypers Union No. 11, 702 F.2d 273, 282 (1st Cir. 1983) (endorsing attorneys' fees award

21  "when a party 'without justification' contests an enforceable award") United Steelworkers of

22  America v. United States Gypsum Co., 492 F.2d 713, 724 (5th Cir.) cert. denied, 419 U.S. 998

23  (1974). ("The district court has the authority to award attorneys' fees where it determines that a

24  party has without justification refused to abide by an award of an arbitrator."). Actors Equity v.

25  American Dinner Theater, 802 F.2d 1038 (8th Cir. 1986); Local 34 Asbestos Workers v. General

26  Pipe Covering, 792 F.2d 96 (8th Cir. 1986); United Automobile Workers v. United Farm Tools,

27  Inc., 762 F.2d 76, 77 (8th Cir. 1985).

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM
ARBITRATION AWARD

1    In the present case, the parties to a collective bargaining agreement included in their

2    agreement an inexpensive and efficient dispute resolution mechanism: the grievance arbitration

3    procedure. This is one of the most important provisions of a collective bargaining agreement

4    entered into between an employer and a Union on behalf of its members. In most cases, employees

5    give up the right to strike during the term of a contract in return for the employer's promise to

6    submit all "grievances" to a neutral arbitrator for final and binding decision. Moreover, both

7    parties benefit from the existence of this mechanism designed to provide an inexpensive and

8    efficient resolution of disputes. By refusing to comply with a final and binding arbitration award,

9    Defendant has subverted a fundamental provision of the agreement.

10    Furthermore, the Defendant has provided no reason why it refused to implement the award.

11    Because it has caused unnecessary expense and delay, and has failed to set forth any meritorious

12    arguments to justify its conduct, the Court should issue an order confirming the arbitration award

13    and awarding Plaintiffs their reasonable attorneys' fees as provided by law.

## IV.  CONCLUSION

15    For the reasons stated above, it is respectively submitted that the Decision of Arbitrator

16    Gerald R. McKay should be confirmed in all respects, made a Judgment of this Court and the

17    Court should award the Plaintiffs their attorneys fees and costs.

18    Dated: February 25, 2008

19                                      WEINBERG, ROGER & ROSENFELD
                                        A Professional Corporation
20

21                                      By: _____
                                           KRISTINA M. ZINNEN
22                                         Attorneys for Plaintiffs

23    117540/475112

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 6 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD**